**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

  v.

RONNY NORRED, JR.,

   Defendant - Appellant.

No. 98-6336

(W.D. Oklahoma)

(D.C. No. CR-98-31-C)

---

**ORDER AND JUDGMENT**  *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

   After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

   On February 19, 1998, a federal grand jury returned a seven-count indictment against defendant Ronny Norred, Jr. and co-defendant Dana Miller.

---

  *This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Counts 1 and 2 charged Norred with knowingly and intentionally distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1); Count 3 charged Norred with knowingly and intentionally possessing methamphetamine, in violation of 21 U.S.C. § 841(a)(1); Count 4 charged Norred with knowingly carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); Count 5 charged Norred with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); Count 6 charged both Norred and Miller with possessing chemicals and other items with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and Count 7 charged both Norred and Miller with possessing chemicals and other items with the intent to manufacture methamphetamine within 1000 feet of a school, in violation of 21 U.S.C. § 860(a).

On April 2, 1998, Miller entered into a plea agreement with the government. The government agreed to dismiss both counts against her, and obtain a superseding indictment charging her with using a telephone to facilitate the distribution of methamphetamine, in violation of 21 U.S.C. § 843(b). Miller agreed to plead guilty to this new and lesser offense, and she agreed to fully cooperate with the government in their prosecution of Norred and others charged with related offenses. Miller was later sentenced to a term of 48 months' imprisonment.

On April 9, 1998, Norred also entered into a plea agreement with the government. Under the terms of the agreement, the government dismissed Counts 4 and 7, and Norred pled guilty to Counts 1, 2, 3, 5, and 6. Norred's Presentence Investigation Report (PSR) was issued on June 23, 1998, and it recommended a sentence of between 235 and 293 months' imprisonment. This sentence recommendation was based on an adjusted base offense level of 33 and a criminal history category of VI.

The adjusted base offense level recommended by the PSR was based on a determination that Norred was responsible for "3,228.3 grams of methamphetamine, and 347.6 grams of actual methamphetamine." IV R. at ¶ 18. The PSR arrived at this amount of drugs based in part on the testimony of Miller and another person, both of whom had entered into favorable plea agreements with the government. Norred lodged objections to the PSR, arguing that the drug amounts were arrived at in violation of 18 U.S.C. § 201(c)(2). See United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998), vacated, 144 F.3d 1361 (10th Cir. 1998), on rehearing en banc, 165 F.3d 1297 (10th Cir. 1999). The district court overruled Norred's objections and sentenced Norred to 235 months' imprisonment on Counts 1, 2, 3, and 6, and to 120 months' imprisonment on Count 5, with all sentences to run concurrently. Norred now appeals from the sentence imposed by the district court.

Essentially, Norred asked the district court, and is asking us on appeal, to adopt the reasoning of the vacated panel opinion in Singleton.[1] This we cannot do. We have, sitting en banc, rejected precisely the reasoning Norred urges on us here. See United States v. Singleton, 165 F.3d 1297 (10th Cir. 1999) (en banc). The district court properly overruled Norred's objections to the PSR.

Accordingly, we AFFIRM the judgment and sentence of the district court.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[1] In his brief, Norred admits that "he has filed an appeal to preserve this issue in the event that the Supreme Court" grants certiorari to review this court's en banc opinion in Singleton. Appellant's Br. at 1. A petition for certiorari was filed in the case on March 31, 1999, but the Supreme Court has not yet acted on the petition.